**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Docket No. 2:26-CR-00019 |
| | ) |
| ARMANDO PAULINO ESTUDILLO, | ) |
| Defendant. | ) |

**MOTION FOR DETENTION**

The Government moves for the Defendant's pretrial detention pursuant to 18 U.S.C. § 3142(e) and (f).

1.    Eligibility for Detention. The Defendant is eligible for detention because he poses a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A). The Defendant is a Mexican national with no ties to Vermont and two convictions for illegal entry into the United States. Further, and as set forth in greater detail below, he has a strong incentive to flee given the charges against him and the strength of the Government's evidence.

2.    Reason For Detention. The Court should detain the Defendant because there are no conditions of release that will reasonably assure the Defendant's appearance as required.

3.    Rebuttable Presumption. In this case, there is no rebuttable presumption pursuant to 18 U.S.C. § 3142(e).

4.    Time For Detention Hearing. The United States requests the Court conduct the detention hearing upon completion of the pretrial services report.

5.    Discussion. The Defendant, a Mexican national with no authorization to be in the United States, poses a serious risk of flight and should be detained pending trial. He has strong incentives to flee given the penalties that he faces and the strength of the Government's case. Moreover, the Court could not impose a set of conditions that could reasonably assure the Defendant's appearance at trial.

First, the Defendant faces serious charges carrying significant penalties, giving him an incentive to flee prosecution. As alleged in the indictment, the Defendant participated in an alien smuggling conspiracy. He is also charged with actually bringing an alien to the United States. These crimes are serious because they involve significant risks to the community and carry significant penalties. Indeed, the Defendant's conspiracy charge carries a maximum sentence of ten years. *See* 8 U.S.C. § 1324(a)(1)(B)(i). This sentence gives the Defendant an incentive to flee prosecution.

Moreover, the weight of the evidence against the Defendant provides additional incentive to flee. Among other evidence, law enforcement searched two phones during this investigation: one belonging to this Defendant's co-defendant and one belonging to an alien who this Defendant conspired to bring into the United States. Both phones contained incriminating messages showing that the Defendant conspired to illegally bring an alien into the United States. For example, messages on the smuggled alien's phone include a message sent from the Defendant's phone saying that the Defendant was going to meet "nacho" to give him his money. Messages on the co-defendant's phone, meanwhile, include discissions about how and when the alien would be brought to the United States. Corroborating evidence shows that the Defendant paid a co-defendant $2,000 for that illegal entry.

This Defendant's history and characteristics also weigh in favor of detention. The Defendant's only ties to Vermont appear, as of filing, to be related to his co-defendant. Moreover, the Defendant has been removed from the United States on three occasions and convicted of illegal entry twice. The Defendant has been repeatedly warned about illegally entering the United States. He is nevertheless present in the United States despite those warnings, which shows a disrespect for the law. And given this history, the Defendant may be subject to criminal prosecution on another immigration-related charge in the jurisdiction where he was residing. Therefore, the Defendant has a

strong incentive to flee, few if any ties to Vermont, and a track record of failing to abide by conditions governing his conduct.

For all of the reasons set forth above, the Government respectfully requests that the Defendant be detained pursuant to 18 U.S.C. § 3142. The Defendant is eligible for detention because he poses a serious risk of flight, and the preponderance of the evidence supports a finding that no conditions or combination of conditions can reasonably assure his appearance as required.

Respectfully submitted,

JONATHAN A. OPHARDT
First Assistant United States Attorney

By:    */s/ Joshua L. Banker*
Joshua L. Banker
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 651-8217