UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

ARMANDO PAULINO ESTUDILLO,

Defendant.

Docket No. 2:26-CR-00019

## **PLEA AGREEMENT**

The United States of America, by and through the United States Attorney's Office for the District of Vermont (hereafter "the United States"), and the defendant, ARMANDO PAULINO ESTUDILLO, agree to the following in regard to the disposition of pending criminal charges.

1.      ARMANDO PAULINO ESTUDILLO agrees to plead guilty to Count 1 of the Indictment charging him with conspiring to bring aliens to the United States and transporting aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

2.      ARMANDO PAULINO ESTUDILLO understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: up to 10 years of imprisonment, pursuant to 8 U.S.C. § 1324(a)(1)(B)(i); up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant to 18 U.S.C. § 3571; a $100 special assessment pursuant to 18 U.S.C. § 3013; and a further special assessment of $5,000 pursuant to 18 U.S.C. § 3014. ESTUDILLO further understands that the Court may order full restitution to the victims of the offense in an amount determined by the Court, pursuant to 18 U.S.C. § 3663.

3.      ARMANDO PAULINO ESTUDILLO agrees to plead guilty because he is, in fact, guilty of the above crime.

4.      ARMANDO PAULINO ESTUDILLO stipulates to, agrees with, and admits the following facts:

1

a. Between on or about April 8, 2025, and on or about April 19, 2025, ARMANDO PAULINO ESTUDILLO conspired with others, including Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," to bring an alien, Y.G.F., to the United States and to transport that alien in furtherance of the alien's illegal entry.

b. During this time, Y.G.F. was a citizen of Mexico with no authorization to enter the United States. Further, Y.G.F. and ARMANDO PAULINO ESTUDILLO had a romantic relationship, and ARMANDO PAULINO ESTUDILLO knew that Y.G.F. had no authorization to come to or reside in the United States.

c. On April 9, 2025, ARMANDO PAULINO ESTUDILLO told Y.G.F. that he and another individual were going to meet "nacho" and pay him for Y.G.F.'s border crossing. ARMANDO PAULINO ESTUDILLO also told Y.G.F. that, after she crossed, ARMANDO PAULINO ESTUDILLO's smuggler would bring her to "un rancho de Vermont," or a Vermont farm.

d. On April 9, 2025, ARMANDO PAULINO ESTUDILLO paid $2,000 in cash for Y.G.F. to be brought into the United States from Canada and then to be transported to a location where ARMANDO PAULINO ESTUDILLO could meet Y.G.F. Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," received the payment at Yaya's Market and Deli in Twin Mountain, New Hampshire.

e. ARMANDO PAULINO ESTUDILLO later told Y.G.F. that he spent $5,000 total and had another $3,000 ready for her crossing.

f. On April 10, 2025, ARMANDO PAULINO ESTUDILLO sent the phone number for Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," to Y.G.F., who used that phone number coordinate her crossing.

2

g.      On April 10, 2025, ARMANDO PAULINO ESTUDILLO sent text messages to Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," to coordinate Y.G.F.'s border crossing.

h.      ARMANDO PAULINO ESTUDILLO later told Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," that one attempt to bring Y.G.F. into the United States had failed. ARMANDO PAULINO ESTUDILLO also sent Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," a video depicting a foot guide.

i.      ARMANDO PAULINO ESTUDILLO, Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," and Y.G.F. exchanged numerous text messages over the next few days. These messages included details about where Y.G.F. was staying in Canada, when Y.G.F. might cross the international border between the United States and Canada, and how Y.G.F. would cross the border.

j.      On April 18, 2025, individuals picked Y.G.F. at a location in Montreal, Canada, and transported her to an area near the international border between the United States and Canada. Y.G.F. then walked across the border heading south through the woods with a foot guide, A.I.H., and three other aliens. The border crossing did not occur at a designated port of entry.

k.      In the early morning of April 19, 2025, members of the United States Border Patrol arrested Y.G.F., A.I.H., and others along Richford Road in Richford, Vermont. Y.G.F. told law enforcement that she had crossed the border on foot earlier that night and allowed law enforcement to search her cellular phone.

l.      ARMANDO PAULINO ESTUDILLO later asked for, and received, a refund of $2,000 from Jose Ignacio De La Cruz De La Rosa, a/k/a, "Nacho," for the failed attempt to smuggle Y.G.F., an alien, into the United States.

3

5.      ARMANDO PAULINO ESTUDILLO understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6.      ARMANDO PAULINO ESTUDILLO acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7.      ARMANDO PAULINO ESTUDILLO fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8.     ARMANDO PAULINO ESTUDILLO fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. ARMANDO PAULINO ESTUDILLO acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. ARMANDO PAULINO ESTUDILLO understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9.     ARMANDO PAULINO ESTUDILLO agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. ARMANDO PAULINO ESTUDILLO agrees to pay the special assessment at the time of sentencing.

10.     ARMANDO PAULINO ESTUDILLO recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. ESTUDILLO nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11.     The United States agrees that in the event that ARMANDO PAULINO ESTUDILLO fully and completely abides by all conditions of this agreement, the United States will:

5

a. move to dismiss the remaining Counts of the Indictment at the time of sentencing;

b. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4 and for violations of 8 U.S.C. § 1324 between April 8, 2025, and April 19, 2025, committed by him in the District of Vermont;

c. recommend to the sentencing Court that he be sentenced to a term of imprisonment with the Sentencing Guidelines range as calculated by the Court at sentencing;

d. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

e. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

12. If the United States determines, in its sole discretion, that ARMANDO PAULINO ESTUDILLO has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. ARMANDO PAULINO

6

ESTUDILLO understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

13.    It is understood and agreed by the parties that should ARMANDO PAULINO ESTUDILLO's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. ESTUDILLO also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

14.    It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

15.    ARMANDO PAULINO ESTUDILLO expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, KEVIN HENRY, Esq. ESTUDILLO further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, ARMANDO PAULINO ESTUDILLO expressly states that he is fully satisfied with the representation provided by his attorney, KEVIN HENRY, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

16.   No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

July 21, 2026
Date

JOSHUA L. BANKER
Assistant U.S. Attorney

07/17/2026
Date

ARMANDO PAULINO ESTUDILLO
Defendant

I have read, fully reviewed and explained this agreement to my client, ESTUDILLO. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

7/17/2026
Date

KEVIN HENRY
Counsel for the Defendant

8