UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 2:26-cr-19-2 |
| | ) | |
| ARMANDO PAULINO ESTUDILLO, Defendant. | ) | |

## SENTENCING MEMORANDUM

Defendant Armando Paulino Estudillo, by and through undersigned counsel, hereby submits this Sentencing Memorandum and requests a time served sentence.

### Offense Conduct and Sentencing Guidelines

Mr. Paulino Estudillo has pled guilty to one count of conspiring to bring an illegal alien into the country in violation of 8 U.S.C. § 1324 (a)(1)(A)(v)(I), (a)(1)(B)(i). Specifically, hiring a person to assist in bringing his long-time girlfriend, without authorization, into the country. He has accepted full responsibility for this crime. The sentencing guidelines in this case are 0-6 months and Mr. Paulino Estudillo has been detained since April 1, 2026, which is approximately 7 months as of sentencing. There are no disputes or objections with regard to the facts or sentencing guidelines set forth in the PSR.

### Personal History and Characteristics

Mr. Paulino Estudillo is a hard-working, well-meaning person. He has no criminal history other than unlawful entry into the United States and has no history of alcohol or drug abuse. His crime reflects only his desire to be reunited with his girlfriend in the United States where he was working to help support his family back in Mexico.

**Sentencing Factors**

Mr. Paulino Estudillo has already served a sentence longer than the guidelines call for and there are no circumstances to suggest that a longer sentence should be imposed. A time served sentence in this case is sufficient and may be more than is necessary to satisfy the purposes of sentencing considering the factors set forth in 18 U.S.C. § 3553(a).

**Conclusion**

For all of the reasons set forth above, the Court should impose a sentence of time served. Because Mr. Paulino Estudillo is subject to an immigration detainer and deportation is likely, the Court should not impose a term of supervised release. Further, the Court should not impose the $5,000 special assessment under 18 U.S.C. § 3014 because Mr. Paulino Estudillo is indigent now and not likely to be able to pay this amount in the future. *See* PSR, ¶ 55; *United States v. Rosario*, 7 F.4th 65, 73 (2d Cir. 2021) (holding that the district court can consider current financial condition as well as likely future earnings to determine whether defendant is indigent).

Dated: October 16, 2026

PRIMMER PIPER EGGLESTON
& CRAMER PC

By: /s/ Kevin Henry____________

Kevin M. Henry, Esq.
30 Main Street, Suite 500
P.O. Box 1489
Burlington, VT 05402-1489
(802) 864-0880
khenry@primmer.com

*Attorney for Armando Paulino Estudillo*